Filed 1/4/23  P. v. Swarens CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C095495 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF04395) |
| v. | |
| KEITH AARON SWARENS, | |
| Defendant and Appellant. | |

Defendant Keith Aaron Swarens pleaded no contest to felony grand theft and misdemeanor disobeying a domestic relations court order.  The trial court sentenced defendant to the upper term of three years in county jail on the felony.

1

On appeal, defendant contends only that he is entitled to resentencing due to recent amendments to Penal Code section 1170, subdivision (b),[1] made by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022).  The Attorney General agrees.  We shall vacate defendant's sentence and remand for resentencing.

## BACKGROUND

The parties stipulated that the factual bases for defendant's pleas in Butte County Superior Court case Nos. 21CF04395 (case No. 395), 21CM02773 (case No. 773), and 21CM01837 (case No. 837) could be taken from the probation report.  In case No. 395, defendant and his ex-girlfriend, J.J., fought at her home.  Defendant threatened J.J. and her son before leaving the residence with J.J.'s cell phone and car, which were taken without permission.  When law enforcement arrived, J.J. reported defendant had violated a restraining order by contacting her.

At his plea hearing, defendant resolved three cases and secured dismissal of the remaining counts in case No. 395 with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.  The People also moved to dismiss five additional pending cases.  In case No. 395, defendant pleaded no contest to grand theft exceeding $950 (§ 487, subd. (c)) and misdemeanor disobeying a domestic relations court order (§ 273.6, subd. (a)).  In case Nos. 773 and 837, defendant pleaded no contest to multiple misdemeanors.

At the sentencing hearing held in November 2021, the probation report identified as aggravating factors that defendant was on probation at the time of the offense, his performance on probation was poor, and his crimes were increasing in frequency and severity.  In addition, the trial court found defendant was a serious danger to society. Defendant did not stipulate to any factors in aggravation.  There were no certified records of defendant's prior convictions introduced during the sentencing hearing or attached to

---

[1] Further undesignated statutory references are to the Penal Code.

the probation report; the probation report referenced defendant's criminal history and probation status.

In case No. 395, the trial court sentenced defendant to the upper term of three years for grand theft, with a portion of the sentence suspended to be served on mandatory supervision. For the misdemeanors in case Nos. 773 and 837, the trial court imposed multiple concurrent sentences.

Defendant timely appealed. After multiple continuances to the briefing schedule as requested by counsel, the case was fully briefed on October 28, 2022, and assigned to this panel on November 15, 2022. The parties waived argument and the matter was submitted.

## DISCUSSION

Defendant contends he is entitled to resentencing in light of Senate Bill No. 567, which amended section 1170, subdivision (b) and limited the trial court's discretion to impose the upper term. The Attorney General agrees. We agree with the parties.

At the time defendant was sentenced, former section 1170 provided that when a judgment of imprisonment is to be imposed and the statute authorizes a sentencing triad, "the choice of the appropriate term shall rest within the sound discretion of the court." (Former § 1170, subd. (b).) Effective January 1, 2022, Senate Bill No. 567 amended section 1170 and limited the trial court's discretion to impose a sentence greater than the middle term. (§ 1170, subd. (b)(1).) Now, that court may impose the upper term only when the facts underlying the aggravating circumstances "have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) However, the trial court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

3

We agree with the Attorney General that amended section 1170, subdivision (b) applies retroactively to defendant's case. (*People v. Garcia* (2022) 76 Cal.App.5th 887, 902; *In re Estrada* (1965) 63 Cal.2d 740, 744.)

Here, the trial court imposed the upper term on defendant's grand theft count. We agree with the parties that *none* of the factors relied upon by the trial court to impose the upper term were proven as required by amended section 1170. Indeed, it is undisputed that defendant did not stipulate to the facts underlying any of the aggravating factors, nor did the trier of fact find them true beyond a reasonable doubt, and no certified records were introduced to prove defendant's prior convictions.

We agree with the Attorney General that in this particular case, where *none* of the aggravating factors upon which the trial court relied were found beyond a reasonable doubt or stipulated to by defendant, we should follow our decision in *People v. Zabelle* (2022) 80 Cal.App.5th 1098 at page 1115, footnote 6, and remand the case for resentencing rather than "presume the existence of extrarecord materials . . . to address this insufficiency."

We vacate defendant's sentence and remand for the trial court to conduct a full resentencing compliant with amended section 1170, subdivision (b). (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.) Because defendant's conviction is not yet final, the trial court should consider any additional changes to sentencing laws that may benefit defendant.

## DISPOSITION

Defendant's sentence is vacated, and the matter is remanded for a full resentencing.  The judgment is otherwise affirmed.

 

 

 

 

_____/s/_____
Duarte, J.

 

 

We concur:

 

 

_____/s/_____
Robie, Acting P. J.

 

 

_____/s/_____
Boulware Eurie, J.